**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO. 2:21-cr-00177** |
| **v.** | : | |
| | : | |
| **TIMOTHY WRIGHT,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

### I.    Introduction:

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States*, 518 U.S. 81, 113 (1996).  In this case, Mr. Wright pled guilty to Sexual Exploitation of a Minor and Possession of Child Pornography. This memorandum deals with issues relevant to some of the sentencing factors outlined in 18 U.S.C. § 3553(a).

It is suggested that Mr. Wright's lack of criminal history, role as a productive citizen for a significant number of years and his age of 51 years old should be significant factors for the Courts consideration in this case. Furthermore, for the reasons set forth below, it is submitted that imposition of the agreed sentence of 240 months in federal prison and a 15-year term of supervised release is warranted to achieve the purposes of sentencing.

### II.    Defense Objection

Mr. Wright does not object to the technical application of the guideline enhancements that apply in this case. However, Mr. Wright does have objection to several statements contained within the presentence report that he would like the court to consider in mitigation of his case.

**Objection No. 1**

Mr. Wright objects to PSR Paragraph 23. Mr. Wright denies that he knew the age of Jane Doe One at the time of meeting her. Mr. Wright argues that he met Jane Doe One on a legal adult website and that at no point was he notified that Jane Doe One was under the age of consent. Mr. Wright does confirm the accuracy to all other statements in the paragraph.

**Objection No. 2**

Mr. Wright objects to PSR Paragraph 27. Mr. Wright denies tickling and touching the shoulders of Jane Doe Four. Mr. Wright also denies suggesting that he was going to take Jane Doe Four on a date when she reached the age of 16 or 17. Mr. Wright admits that Jane Doe Four is a victim as a result of his conduct, however, Mr. Wright feels these statements were made out of anger for his conduct of filming Jane Doe Four. At the same time Mr. Wright wants to be clear that Jane Doe Four is a victim and is not trying to minimize his conduct as he is extremely remorseful for what he did to make Jane Doe Four a victim.

**Objection No. 3**

Mr. Wright Objects to PSR Paragraph 29. Mr. Wright denies watching the video feed in real time. Mr. Wright also believes that the number of videos was less than 27 and closer to 10. Mr. Wright argues that he pressed the record button in real time and did in fact record Jane Doe Three and Four. However, Mr. Wright chose to watch those videos at a later time. Mr. Wright also only recalls only having approximately 10 video clips not 27 as suggested in the PSR. Mr. Wright understands this

objection would have no effect on the calculation of the guideline range but offers it to the court only for the purpose of recalling what he remembers as being factually accurate.

**Objection No. 4**

Mr. Wright objects to PSR Paragraph 35. Mr. Wright denies knowing the age of Jane Doe Five.  Mr. Wright argues that he met Jane Doe Five on a legal adult website and was given the impression she was 22 years old. Mr. Wright further argues that he did not know Jane Doe Five's real age until sometime after this case was filed. Mr. Wright again wants to be careful in that he is not minimizing the fact that his conduct in this case was disgraceful and very deserving of the recommended sentence, but, Mr. Wright wants the court to have an accurate account of his true conduct even if it would not adversely affect his guideline calculation.

**Objection No. 5**

Mr. Wright objects to PSR Paragraph 37. Mr. Wright agrees with the entirety of this paragraph but believes that it should include the fact that Mr. Wright was on legal adult websites for which the victims were purporting to also be adults and that Mr. Wright was not seeking to engage in sexual conduct with individuals under the age of consent.

**Objection No. 5**

Mr. Wright objects to PSR Paragraph 110.  Mr. Wright agrees with the entirety of this paragraph but believes under Liabilities that it should include an outstanding SBA Loan of approximately $100,000 and an outstanding Ohio Income Tax obligation of approximately $15,000. If applied this would adjust his total net worth to $414,100.50.

**III.    Law and Argument**

    **A.    Nature and Circumstances of the Offense – 3553(a)(1)**

In July of 2021, Homeland Security Investigations (HIS) launched an investigation involving Mr. Timothy Wright. This investigation was from February 2021 through August 2021. This investigation revealed that Mr. Wright had installed a hidden camera in his daughter's bathroom and had made arrangements to meet up with females for sexual activity and did solicit pornographic images from these females. Mr. Wright was aware of the ages of the victims that he videotaped in his bathroom but was unaware of the exact ages of the individuals that he had engaged in sexual activity with.

### B.    History and Characteristics of the Offender – 3553(a)(1)

Mr. Wright is a 51-year-old man without any adult criminal convictions on his record. A variance may be warranted because the guidelines fail to consider the length of time a particular defendant refrains from committing their first crime. See, *United States v. Ward*, 814 F. Supp. 23 (E.D. Va. 1993). Furthermore, prison has a greater significance for those imprisoned for the first time. *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D.Wis. 2005).  Therefore, it is suggested that a shorter rather than longer sentence is sufficient to impress on Mr. Wright, the seriousness of his crime and deter him from re-offending.

Mr. Wright grew up in a loving and supportive household with his three siblings and his mother and father. As a child and into his adulthood, Mr. Wright was always very close with his parents and his siblings. Mr. Wright graduated high school in Pomeroy, Ohio in 1989 and following his graduation, Timothy pursued his CDL in 1992. From 1992 to 2009, Mr. Wright was living in the state of Florida and had successfully owned and operated a commercial truck during this period. Upon moving back to Ohio, Mr. Wright opened a trucking company, L &T Trucking, with his father in September of 2009. To date, Mr. Wright is still co-owner of this family business. In October of 2021, Mr. Wright and his family lost his father. The passing of

Mr. Wright's father left a hole in the family dynamic, however, Timothy and his siblings stepped up to help in the wake of their father's passing.

Although Mr. Wright reflects on his childhood in a positive light, Timothy does have a history of child sexual abuse. Mr. Wright has disclosed that when he was seven (7) years old, he and his brother, Michael, were sexually abused by their male neighbor who was sixteen (16) at the time. This abuse was not an isolated incident as Mr. Wright was taken advantage of by this individual at least four or five times. The sexual abuse that Mr. Wright endured was not only physical, but caused Timothy mental and emotional trauma as well. To date, Mr. Wright has not ever voluntarily sought meaningful treatment to address this unresolved trauma he experienced as a child. However, Mr. Wright acknowledges that he would greatly benefit from engaging in counseling and treatment services to cope with his ongoing depression and loneliness, stemming from his experiences as a child. Mr. Wright is open to participating in mental health services during his term of imprisonment.

**IV.  Conclusion**:

Mr. Wright would like to highlight his lack of criminal history, his role as a productive citizen for a significant number of years and his age of 51 years old as significant factors in determining the appropriate sentence in this case. The jointly recommended sentence is 20 years with 15 years of supervised release. If the court were to impose the jointly recommended sentence Mr. Wright would be 71 years old at the time of his presumed release date. According to the Centers for Disease Control and Prevention, the average life expectancy of a male is 73 years old. Life Expectancy in the U.S. (August 2022),

https://www.cdc.gov/nchs/pressroom/nchs_press_releases/2022/20220831.htm at P.1.

Mr. Wright's father died at the age of 72 and this CDC statistic suggests that Mr. Wright would be closer to the end of life at the time of release. At an age of 71 it can be reasonably expected that Mr. Wright would be unlikely to reoffend. Furthermore, it is jointly recommended that Mr. Wright be supervised upon his release for a period of 15 years. This would certainly provide further adequate protection to the community upon his release from prison.

Defense counsel and the government have expended a great deal of thought and deliberation in coming to this recommended sentence. For this reason and the reasons previously stated in this memorandum, Mr. Wright respectfully requests this Honorable Court to impose the jointly recommended sentence of 240 months and 15 years of supervised release. Mr. Timothy Wright also requests that this Honorable Court recommend that he serve his sentence at FCI Elkton.

Respectfully submitted,

/s/ Brian D. Joslyn
Brian D. Joslyn (0087356)
501 S. High St.
Columbus, Ohio 43215
(614) 444-1900
Brian@JoslynLawFirm.com
Attorney for Timothy Wright

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon the following using the Court's CM/ECF system this 25th day of November 2022.

Emily Cjerniewski
Assistant United States Attorney

/s/ Brian D. Joslyn
Brian D. Joslyn